UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
UFCW LOCAL 888 PENSION PLAN, and its :
TRUSTEES: MAX BRUNY, STEVEN HOWARD,
RANDOLPH TUCKER, JR., AGUEDA ARIAS, :
EUGENE SPIVAK, PETER UNANUE,
:
               Plaintiffs,     :   Civil Action No. _____

v.      :

SILVERMAN FURNITURE, INC.     :

               Defendant.     :

Serve: Mr. James H. Willis     :
      President
      1839 E. Main Street     :
      Peekskill, NY 10566-2593
                                     :
---------------------------------------------------------x

## COMPLAINT

Plaintiffs, the UFCW Local 888 Pension Plan and its Trustees (collectively, the "Plan"), by counsel, hereby complain of Silverman Furniture, Inc. ("Silverman Furniture" or "Defendant") as follows:

### Introduction

1. This claim is brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1001 et seq. Plaintiff seeks a judgment awarding withdrawal liability, interest, and liquidated damages incurred by an employer as a result of a withdrawal from the Plan, a multiemployer pension plan.

**Jurisdiction and Venue**

2. This Court has subject matter jurisdiction under sections 502(e), 502(f) and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f) and 1451(c). Venue lies in this Court under sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), in that the Plan is administered at its principal place of business, 6 Gramatan Avenue, Mount Vernon, NY 10550.

**Parties**

3. The Plan is a multiemployer pension plan within the meaning of sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3). Pursuant to sections 502(a)(3) and 4221(b)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1401(b)(1), Plaintiffs bring this action on behalf of the Plan, its participants, and beneficiaries for the purpose of collecting withdrawal liability.

4. Plaintiffs Max Bruny, Steven Howard, Randolph Tucker, Jr., Agueda Arias, Eugene Spivak, and Peter Unanue, are Trustees of the Fund (collectively, the "Trustees"). The Trustees are fiduciaries of the Fund within the meaning of Section 3(21) of ERISA, 29 U.S.C. §1002(21), and are collectively the "plan sponsor" within the meaning of section 4001(a)(10)(A) of ERISA, 29 U.S.C. § 1301(a)(10)(A).

5. Defendant, Silverman Furniture, is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and is engaged in an industry affecting commerce, within the meanings of sections 3(11) and (12) of ERISA, 29 U.S.C. §§ 1002(11) and (12). The address of Silverman's principal place of business is 1839 East Main Street, Peekskill, NY 10566.

**Allegations in Support of Relief Sought**

6.      Until the date it permanently ceased to have an obligation to contribute to the Fund, on or about September 30, 2006, Silverman employed employees represented for the purposes of collective bargaining by the United Food and Commercial Workers Union, Local 888 ("Local 888"), a labor organization representing employees in an industry affecting interstate commerce.

7.      Silverman was signatory to and bound by a Collective Bargaining Agreement with Local 888, under which it was required to make contributions to the Plan on behalf of its employees who were covered by the Agreement. That Collective Bargaining Agreement obligated Silverman to abide by the terms and conditions of the Agreement and Declaration of Trust and to submit monthly reports and payments to the Plan.

8.      The Plan has determined that on or about September 30, 2006, Silverman permanently ceased to have an obligation to contribute to the Plan, thereby withdrawing from the Plan in a statutory "complete withdrawal" as defined in section 4203 of ERISA, 29 U.S.C. § 1383.

9.      On or about April 9, 2007, the Plan sent Silverman a Notice and Demand for payment of withdrawal liability ("Notice and Demand") in accordance with sections 4202(2) and 4219(b)(1) of ERISA, 29 U.SC. §§ 1382(2) and 1399(b)(1). This Notice and Demand informed Silverman that, as a result of its complete withdrawal, its withdrawal liability was $126,916, if paid in a single installment, or alternatively, it could be paid in 20 annual installments of $5,578 or 80 quarterly installments of $1,433, with the first installment due no later than June 9, 2007, as determined under section 4201(b) of ERISA, 29 U.S.C. § 1381(b).

10. On or about August 23, 2007, the Plan sent Silverman a second letter, notifying Silverman that its first quarterly installment had not been received by June 9, 2007. The Plan advised Silverman that, pursuant to section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5), if the quarterly installment due June 9, 2007 was not paid within sixty (60) days after receipt of the second letter, Silverman would be in default, and the Plan would require immediate payment of the outstanding amount of Silverman's entire withdrawal liability, plus accrued interest on that amount from the date of the delinquent payment. The Plan further advised that it would institute suit to collect the total outstanding amount due plus attorney's fees and costs.

11. Defendant has not to date initiated arbitration of the Notice and Demand and, under section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1), is now precluded from doing so.

12. As a result of Defendant's failure to timely cure its delinquency, Defendant is in default within the meaning of section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5) and 29 C.F.R. § 4219.31(b) and the entire amount of the liability is now due and owing.

13. Section 4301(b) of ERISA, 29 U.S.C. § 1451(b), provides that the failure to make withdrawal liability payments when due shall be treated as a contribution delinquency under section 515 of ERISA, 29 U.S.C. § 1145.

14. As a result of the foregoing, Defendant is liable to the Plan under section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), for withdrawal liability in the amount of $126,916; interest on the delinquent quarterly withdrawal liability contributions from the date due at the Plan's interest rate of 8.25% per annum through the date of default; and interest at the Plan's interest rate of 8.25% on the entire withdrawal liability from the date of default through judgment; liquidated damages equal to the greater of interest or twenty percent (20%) of the withdrawal liability; and reasonable attorney's fees and costs of this action.

### Request for Relief

WHEREFORE, Plaintiffs request the following relief:

A.  A judgment against Defendant, and on behalf of Plaintiffs, pursuant to section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), for:

1.  $126,916 in withdrawal liability;

2.  Interest at 6% annum on the delinquent quarterly payments through the date of default, and interest on the entire withdrawal liability at the interest rate of 6% thereafter;

3.  An amount equal to the greater of the interest on the delinquent withdrawal liability at the above rates or liquidated damages of twenty percent (20%) of the withdrawal liability; and

4.  The attorney's fees and costs incurred by the Plan in this case; and

B.  Such further or different relief as this Court may deem proper and just.

Respectfully submitted,

Kenneth O. Connor, Esq. 0366   J. Warren Mangan 8779
O'CONNOR & MANGAN, P.C.
271 North Avenue, Suiet 610
New Rochelle, NY 10801
(914) 576-7630
(914) 576-7682

Barry S. Slevin
Christopher J. Schulte
Slevin & Hart, P.C., Suite 450
1625 Massachusetts Ave., NW
Washington, DC 20036
(202) 797-8700

                                          Counsel for Plaintiffs

Dated: May __, 2008

98669